# Andrews, Appellant, *v.* Lehigh Coal & Navigation Company.

*Equity—Equity practice—Bill for injunction—Verdict of jury.*

Where on a bill in equity for an injunction to restrain payment of a certificate of indebtedness, it appears that in an action at law between the same parties, the ownership of the certificate had been determined by the verdict of a jury against the plaintiff in the equity court, and it is agreed in the equity suit that the testimony taken in the action at law shall be considered as if taken in the equity suit, and the judge who presides in both cases adopts the finding of the jury in the common-law suit as his finding in the equity suit, the appellate court will not reverse a decree dismissing the bill.

Argued Feb. 19, 1902. Appeal, No. 14, Jan. T., 1902, by plaintiff, for decree of C. P. No. 1, Schuylkill Co., May T., 1901, No. 165, dismissing bill in equity in case of Mary Andrews v. Lehigh Coal & Navigation Company and John Dougherty. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Bill in equity for an injunction.

Marr, J., filed the following opinion:

The point in controversy, raised by the pleadings, relates to the ownership of the money (being $11,200, with interest thereon), as represented by the receipt or certificate No. 7433, issued by the Lehigh Coal & Navigation Company to one Patrick McGee, now deceased. The navigation company occupies the position of a stakeholder of the money in contro-

versy and as being ready to pay same upon delivery of the certificate or to whoever may be legally entitled to receive the same. The complainant has in her possession the certificate and claims ownership of same, as having been given to her by Patrick McGee in his lifetime. The administrator of the estate of Patrick McGee, deceased, denies the ownership of complainant and claims that she holds the certificate in trust for the estate of Patrick McGee. A suit, in trespass, was brought by the administrator against complainant to No. 209, March term, 1900, for the certificate, which resulted in a verdict for complainant, but which verdict has been set aside and a new trial granted on December 23, 1901. The administrator also brought suit to No. 195, January term, against the Lehigh Coal & Navigation Company for the amount of money represented by the certificate of deposit, and Mary Andrews, the complainant, upon her petition, was permitted to come in and defend.

A verdict was rendered in favor of the administrator on November 27, 1901, for the sum of $12,194.20, and a motion in arrest of judgment and for a new trial, made by Mary Andrews, is overruled at the time of filing the opinion in this case.

Counsel representing the complainant and the estate of Patrick McGee, by writing, filed November 27, 1901, agreed that the evidence taken in the trial of No. 195, January term, 1901, should be considered in the disposition of this equity case, the same as if taken in the case.

The jury having found in the trial of that case in favor of the estate of McGee for the amount of money on deposit with the navigation company, the only remaining question for disposition is the effect of the verdict of the jury in No. 209, March term, 1900. In this last mentioned case, the suit is brought in trespass for the possession of the certificate issued by the navigation company to Patrick McGee. It was brought against Mary Andrews, complainant, by the administrator of Patrick McGee's estate and a verdict rendered in her favor. This verdict, upon motion and argument, having been set aside by the judge who presided at the trial and a new trial ordered, cannot have any weight in disposing of the question at issue in the present case.

A review of the evidence submitted does not convince us that the jury erred in its verdict and we do not feel called upon to reverse that verdict in this proceeding.

The charge of the court is in accordance with the law governing the questions raised in the case.   To sustain this bill and grant the prayer of it would be to decide that a new trial should be had in the case last mentioned.

In dismissing this bill, we do not decide that the complainant, Mary Andrews, may not have a lien on the certificate No. 7433 held by her for services she may have rendered Patrick McGee in his lifetime, which services she may be entitled to have adjusted before surrendering the certificate.

And now, to wit: January 6, 1902, the bill filed in this case is herewith dismissed at the costs of complainant, without prejudice to complainant to establish any claim she may have for compensation for services rendered Patrick McGee in his lifetime before being compelled to surrender the certificate.

*Error assigned* was decree dismissing bill.

*J. O. Ulrich,* for appellant.

*William Wilhelm, Joseph W. Moyer* and *George Dyson,* for appellee.

OPINION BY MR. JUSTICE BROWN, May 19, 1902:

The appellant here is the appellant in the preceding case, and the same matter is in controversy.   Her present appeal is from a decree made on a bill which she filed, alleging that the certificate issued to McGee belonged to her, and praying for an injunction to restrain the defendants from doing anything inconsistent with her ownership of it; that the Lehigh Coal & Navigation Company be enjoined from paying to any other person than herself the sum due on it, and that the company be directed to pay the same to her.   Answers were filed by the defendants, and, on final hearing, it was agreed that the testimony taken in the preceding case should be considered by the court in this proceeding in equity as if taken in it.   The same learned judge presided in each case, and, having approved the

finding of the jury in the common-law suit, he properly adopted it for the purpose of a decree in this one. It was not only his finding, but that of a jury as well, and, in view of it, the complainant was entitled to no relief. Decree affirmed and appeal dismissed with costs.